UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| ULLICO INC., ) | |
|     Plaintiff, ) | CASE NUMBER: 1:06CV01388 (RJL) |
| v. ) | DECK TYPE: General Civil |
| ) | |
| WILLIAM CASSTEVENS, ) | |
|     Defendant. ) | |

## JOINT CONFERENCE REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(d), the parties Plaintiff ULLICO Inc. ("ULLICO") and Defendant Billy Casstevens[1] ("Casstevens"), respectfully submit the following Joint Conference Report and Discovery Plan.

## JOINT CONFERENCE REPORT

Counsel for the parties met by telephone on Monday, October 16, 2006 at 2:00 p.m., and conferred in accordance with Federal Rule of Civil Procedure 26(f) and Local Civil Rule 16.3(a). The parties reached agreement on some but not all of the fourteen matters set forth in Local Rule 16.3(c). A succinct statement of all such agreements, as well as a description of the positions of each party on those matters as to which they disagree appear below.

**1. Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.**

The parties agree that certain matters may be resolved by summary judgment. The parties agree that there is no need to delay discovery at this time.

---

[1] Billy Casstevens was mistakenly sued as William Casstevens.

2.   **The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

The parties agree that the deadline to join parties or amend pleadings should be set at one month after the issuance of the Rule 16(b) order.

The parties agree that some or all the factual and legal issues pertaining to ULLICO's claims can be agreed upon or narrowed.

3.   **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

The case has already been assigned to Magistrate Judge Kay for resolution of non-dispositive motions. The parties agree that the case should not be assigned to a magistrate judge for all purposes at this point in time.

4.   **Whether there is a realistic possibility of settling the case.**

The parties agree that at some point it may be possible to settle the case.

5.   **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties agree that ADR will not be beneficial at this stage of the litigation, but believe that ADR may be beneficial after discovery and/or determinations on motions for summary judgment.

Casstevens believes that a neutral case analysis by an impartial evaluator may be beneficial.

6.   **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.**

The parties agree that certain aspects of this case may be amenable to resolution on summary judgment; that the Court should set a deadline for filing summary judgment motions of one month after the close of the discovery period; that the time for oppositions should be fifteen days after summary judgment motions are due; and replies should be due ten days after the opposition is due.

The parties request that the Court decide such motions before the Final Pretrial Conference.

**7. Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

The parties agree that they should not stipulate to dispense with the initial disclosures required by Rule 26(a)(1), and request that the Court order that such disclosures be made within fourteen days after the issuance of the Rule 16(b) order.

**8. The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.**

The parties agree that the Court should order that all fact discovery (including answers to interrogatories, document production, requests for admission, and depositions) be completed within five months after the issuance of the Rule 16(b) order. The parties agree that the limits on discovery imposed by the Federal Rules of Civil Procedure apply to all discovery in this case.

**9. Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

ULLICO believes that expert witnesses will be needed for some of its claims.

The parties agree that the timing of the exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified so expert discovery will occur in conjunction with fact discovery, and therefore request that the Court order that Rule 26(a)(2) Expert Disclosures be made three months after the issuance of the Rule 16(b) order, that Rule 26(a)(2)(C) Rebuttal Expert Disclosures be made four months after the issuance of the Rule 16(b) order, that expert discovery (including answers to interrogatories, document production, requests for admission, and depositions) be completed five months after the issuance of the Rule 16(b) order, and that any *Daubert* motions be filed with summary judgment motions six months after the issuance of the Rule 16(b) order.

In order to facilitate concurrent expert discovery, the parties agree to provide available deposition dates and times at the time of the service of the parties' respective expert reports.

**10.    In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or evidentiary hearing on the motion and a proposed date for decision.**

The parties agree that because this is not a Rule 23 proceeding, there is no need for special class action procedures.

**11.    Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

The parties agree that discovery and trial should not be bifurcated in any fashion.

**12.    The date for the pretrial conference (understanding that a trial will take place 30 to 60 days after that conference.**

The parties agree that the Court should order that the final pretrial conference(s) take place two months after the deadline for summary judgment motions, and set a date or dates for such conference.

652571.3

**13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The parties agree that the Court should order that the trial take place three months after the deadline for summary judgment motions, and set a date for such trial.

**14. Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.**

The parties have no such other matters they feel are appropriate for inclusion in a scheduling order.

## DISCOVERY PLAN

| Event | Months after Rule 16(b) Order |
|---|---|
| Rule 26(a)(1) Initial Disclosures: | ½ |
| Deadline to Join Parties or Amend Pleadings: | 1 |
| Fact Discovery Completed: | 5 |
| Rule 26(a)(2) Expert Disclosures: | 3 |
| Rule 26(a)(2)(C) Rebuttal Expert Disclosures: | 4 |
| Expert Discovery Completed: | 5 |
| Summary Judgment and *Daubert* Motions Filed: | 6 |
| Local Rule 16.5 Pretrial Statements Filed: | 7 ½ |
| Final Pretrial Conference: | 8 |
| Trial: | 9 |

A proposed Rule 16(b) order is filed herewith.

Dated: November 1, 2006

                      MILLER & CHEVALIER CHARTERED

                By      /s/ Brian A. Hill
                      Anthony J. Trenga (DC Bar #218255)
                      Brian A. Hill (DC Bar # 456086)
                      Victor Tabak (DC Bar # 480333)
                      Matthew T. Reinhard (DC Bar # 474941)
                      655 Fifteenth Street, N.W., Suite 900
                      Washington, DC  20005-5701
                      Tel. (202) 626-5800
                      Fax. (202) 628-0858
                      atrenga@milchev.com
                      Attorneys for Plaintiff

                HOGAN & HEALD

                By      /s/ Thomas M. Hogan
                      Thomas M. Hogan (DC Bar # 104950)
                      11130 Main Street
                      Suite 310
                      Fairfax, VA 22030
                      Tel.  (703) 591-0003
                      Fax.  (703) 591-4114

652571.3