UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| ULLICO INC., ) | |
| Plaintiff, ) | CASE NUMBER: 1:06CV01388 (RJL) |
| v. ) | DECK TYPE: General Civil |
| ) | |
| WILLIAM CASSTEVENS, ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF ULLICO INC.'S MOTION TO COMPEL RESPONSES TO ITS FIRST INTERROGATORIES AND ITS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT BILLY CASSTEVENS**

Plaintiff ULLICO Inc. ("ULLICO") submits this motion (the "Motion") to compel interrogatory responses and production of documents by Defendant Billy Casstevens ("Casstevens"), made pursuant to Fed. R. Civ. P. 37(a)(2)(B). For the reasons addressed in the accompanying Memorandum in Support of the Motion, ULLICO respectfully requests that this Court order Casstevens to produce responses to each of the 19 interrogatories contained in Plaintiff ULLICO Inc.'s First Interrogatories to Defendant Billy Casstevens, as required by Fed. R. Civ. P. 33(b)(1), and to each of the 20 requests for production contained in Plaintiff ULLICO Inc.'s First Request for the Production of Documents and Things to Defendant Billy Casstevens, as required by Fed. R. Civ. P. 34(b). ULLICO also hereby moves for sanctions pursuant to Fed. R. Civ. P. 37(a)(4) in the form of ULLICO's reasonable expenses incurred in making the Motion, including attorneys' fees.

688945.3

## LOCAL RULE 7(m) CERTIFICATION

As discussed in greater detail in the accompanying Memorandum in Support of the Motion, the undersigned certifies that he attempted to confer with counsel for Casstevens, Thomas M. Hogan, in an attempt to resolve the matters addressed in this Motion both by letter and by leaving several phone messages for Mr. Hogan at his office. To date, Mr. Hogan has not responded to either letters or phone calls regarding the requested discovery. The most recent call was placed on February 9, 2007 in advance of the filing of this Motion in which the undersigned left a message advising Mr. Hogan that ULLICO would be bringing the instant Motion and seeking sanctions in connection therewith.

Dated: February 12, 2007

MILLER & CHEVALIER CHARTERED

By     /s/ Victor Tabak
Anthony J. Trenga (DC Bar #218255)
Brian A. Hill (DC Bar # 456086)
Victor Tabak (DC Bar # 480333)
Matthew T. Reinhard (DC Bar # 474941)
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
atrenga@milchev.com
Attorneys for Plaintiff

688945.3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| ULLICO INC., <br>     Plaintiff, <br> v. <br><br> WILLIAM CASSTEVENS, <br>     Defendant. | CASE NUMBER: 1:06CV01388 (RJL) <br> DECK TYPE: General Civil |

**PLAINTIFF ULLICO INC.'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO COMPEL RESPONSES TO ITS FIRST INTERROGATORIES
AND ITS FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
AND THINGS TO DEFENDANT BILLY CASSTEVENS**

Plaintiff ULLICO Inc. ("ULLICO") submits this memorandum in support of its motion (the "Motion") to compel responses to its first interrogatories and its first request for production of documents and things to Defendant Billy Casstevens ("Casstevens").

## INTRODUCTION

On December 19, 2006, ULLICO served its First Request for Production of Documents and Things and its First Interrogatories on Casstevens. *See* Letter from V. Tabak to T. Hogan, Dec. 19, 2006 (a true and correct copy of which is attached hereto as Exhibit A). *See also* Plaintiff ULLICO Inc.'s First Request for the Production of Documents and Things to Defendant Billy Casstevens, Dec. 19, 2006 ("ULLICO's First Request for Production") (a true and correct copy of which is attached hereto as Exhibit B); and Plaintiff ULLICO Inc.'s First Interrogatories to Defendant Billy Casstevens, Dec. 19, 2006 ("ULLICO's First Interrogatories") (a true and correct copy of which is attached hereto as Exhibit C) (ULLICO's First Request for Production and ULLICO's First Interrogatories are, collectively, the "Discovery Requests").

688945.3

Pursuant to Fed. R. of Civ. P. 33(b)(3), Casstevens was obligated to serve responses to ULLICO's First Interrogatories by January 22, 2007. Similarly, pursuant to Fed. R. Civ. P. 34(b), Casstevens was required to serve responses to ULLICO's First Request for Production by January 22, 2007. To date, ULLICO has not received the requested discovery.

On January 26, 2007, ULLICO wrote a follow-up letter to Thomas M. Hogan, counsel for Casstevens, seeking information regarding the status of Casstevens' responses to ULLICO's extant Discovery Requests. *See* Letter from V. Tabak to T. Hogan, Jan. 26, 2007 (a true and correct copy of which is attached hereto as Exhibit D). This letter followed a phone call to Mr. Hogan's office the week of January 15, 2007 seeking to determine the status of Casstevens' responses to the Discovery Requests.

In another attempt to resolve this matter without seeking the Court's intervention, counsel for ULLICO again phoned Mr. Hogan's office seeking information regarding Casstevens' responses to the Discovery Requests and informing him that ULLICO planned to file a Motion to Compel in which it would seek sanctions. To date, ULLICO has received no response, either written or verbal, to its efforts to obtain the discovery to which it is entitled under the Federal Rules of Civil Procedure. As of the date of the filing of this Motion, Casstevens' responses to the Discovery R are a full three weeks overdue.

## ARGUMENT

### A.   ULLICO is Entitled to an Order Compelling Responses to Its Discovery Requests Pursuant to Fed. R. Civ. P. 37(a)(2)(B)

Federal R. Civ. P. 33(b)(3) requires a party upon whom interrogatories have been served to respond to those interrogatories within 30 days after the date of service. Similarly, Fed. R. Civ. P. 34(b) requires a party upon whom requests for production of documents have been served

to serve a written response within 30 days. By failing to respond to ULLICO's Discovery Requests, Casstevens has breached his obligations under the Federal Rules of Civil Procedure.

Due to Casstevens' failure to respond, ULLICO is entitled to relief under Fed. R. Civ. P. 37(a)(2)(B), which provides in relevant part, "[i]f a …party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond…the discovering party may move for an order compelling an answer…." Having received no response or objection to the Discovery Requests, and having received no response to ULLICO's persistent efforts to obtain this discovery without this Court's intervention, ULLICO is entitled to an Order compelling Casstevens to respond to the Discovery Requests.

**B.    By Failing to Timely Respond, Casstevens has Waived Any and All Objections to the Discovery Requests**

Having failed to respond to ULLICO's Discovery Requests, Casstevens has waived any and all objections to the Discovery Requests. Federal R. Civ. P. 33(b)(4) provides, "[a]ll grounds for an objection to an interrogatory shall be stated with specificity. Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown." While Fed. R. Civ. P. 34 does not contain a similar automatic waiver provision, "there is no reason to interpret the two rules differently. To the contrary, courts have held that the failure to timely file an objection to a request for production of documents may be deemed a waiver." *Fonville v. District of Columbia*, 230 F.R.D. 38, 42 (D.D.C. 2005).

In this case, Casstevens has not sought an extension of time, nor offered ULLICO any explanation for his failure to respond to the Discovery Requests. Accordingly, this Court should order that Casstevens respond to the Discovery Requests without objection.

C.  **ULLICO is Entitled to Sanctions in the Form of Its Fees and Expenses, Including Attorneys' Fees, Incurred in Preparing this Motion**

Federal R. Civ. P. 37(a)(4)(A) provides:

> If the motion is granted or if the … requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including the attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the …discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

In this case, as the factual recitation above makes clear, ULLICO undertook the type of good faith effort to obtain responses to its Discovery Requests without the need for this Court's intervention. Furthermore, having not objected to the Discovery Requests and having failed to respond in any fashion, it is clear that Casstevens has no "substantially justified" reason for his failure to respond. Accordingly, ULLICO is entitled to sanctions in the form of its fees and expenses, including attorneys' fees, incurred in bringing this Motion before the Court.

## CONCLUSION

For the foregoing reasons, ULLICO respectfully requests that this Court issue an Order compelling Casstevens to provide responses, without any objections, to Plaintiff ULLICO Inc's First Request for Production of Documents and Things to Defendant Billy Casstevens and to Plaintiff ULLICO Inc.'s First Interrogatories to Defendant Billy Casstevens. ULLICO also requests, for the foregoing reasons, that this Court award ULLICO sanctions in the form of its fees and expenses incurred in bringing this Motion before the Court.

688945.3

Dated: February 12, 2007

                          MILLER & CHEVALIER CHARTERED

               By       /s/ Victor Tabak
                       Anthony J. Trenga (DC Bar #218255)
                       Brian A. Hill (DC Bar # 456086)
                       Victor Tabak (DC Bar # 480333)
                       Matthew T. Reinhard (DC Bar # 474941)
                       655 Fifteenth Street, N.W., Suite 900
                       Washington, DC  20005-5701
                       Tel. (202) 626-5800
                       Fax. (202) 628-0858
                       atrenga@milchev.com
                       Attorneys for Plaintiff

688945.3