UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| ULLICO INC.,<br>      Plaintiff,<br>v.<br><br>WILLIAM CASSTEVENS,<br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CASE NUMBER: 1:06CV01388 (RJL)<br>)   DECK TYPE: General Civil |

**[PROPOSED] STIPULATED PROTECTIVE ORDER
REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL**

The parties have stipulated that certain discovery material will be treated as confidential (as defined herein). Accordingly, pursuant to Fed. R. Civ. P. 26(c), it is hereby stipulated, agreed and ordered that:

1. <u>Introduction</u>: This Order governs the handling of all documents, deposition transcripts, deposition exhibits, interrogatory answers, responses to requests for admission and other written, recorded or graphic matter ("Discovery Material") produced by, or obtained from, any party or non-party during the proceedings in the above-captioned litigation (including discovery, trial and any appeals therein) that are designated confidential pursuant to the terms and conditions set forth below.

2. <u>Designation of Discovery Material as Confidential</u>: The following Discovery Material may be designated and protected as "Confidential" under this Order: (a) sensitive or otherwise confidential personal and financial information; and (b) trade secrets, customer information or other confidential research, developmental or commercial information.

686597.1

3. <u>Procedure for Designation of Discovery Material as Confidential</u>: The designation of Discovery Material as confidential shall be made in good faith, and consistent with Fed. R. Civ. P. 26(c)(7) as "confidential information," by the producing party or by the original source of the information by placing or affixing on the Discovery Material, in a manner that will not interfere with the material's legibility, the word "Confidential" or similar designation. Documents or other Discovery Material that already bears the word "Confidential" or similar designation shall be automatically designated as confidential. Regarding Discovery Material that consists of multiple pages, the designation should be made, to the extent possible, on each page of the Discovery Material. Except for Discovery Material produced for inspection, the designation of Discovery Material as confidential shall be made prior to, or contemporaneously with, the production or disclosure of that material. However, not withstanding the foregoing, material produced before this order was in place may be retroactively designated confidential by the producing party.

(a) *Discovery Material Produced for Inspection*: Discovery Material may be produced for inspection before being designated as confidential. All Discovery Material produced for inspection will be treated as if it was designated as confidential, pending designation by the producing party. Once specific Discovery Material has been designated for copying by the inspecting party, any Discovery Material containing confidential information will then be designated as confidential before it is copied. There will be no waiver of confidentiality by the inspection of Discovery Material before it is copied and designated confidential pursuant to this procedure.

(b) *Deposition Testimony*: Deposition testimony shall be treated as confidential under this Order only if the relevant portions are designated as such by a

party when the deposition is taken or within seven (7) business days after a party's receipt of the transcript except that any deposition testimony that describes confidential Discovery Material shall automatically be deemed confidential.

(c) *Discovery Material Produced by Non-Parties*: All Discovery Material produced by a non-party pursuant to subpoena issued in this action shall be automatically designated confidential and subject to this Order for a period of seven (7) business days following the receipt or inspection of such material by any party to this action and pending review and designation of the materials as confidential. After the seven (7) business day period expires, only the Discovery Material produced by the non-party that is designated by a party as confidential in writing shall be treated by the parties as confidential and subject to this Order. Nothing in this paragraph limits a party's right to designate the discovery materials as confidential at the time of production by the non-party.

(d) *Copies*: All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of confidential Discovery Material, or any portion thereof, under this Order shall be immediately affixed with the word "Confidential" if that word does not already appear.

4. <u>Procedure for Challenging Designation</u>: Any party receiving any Discovery Material designated as confidential pursuant to this Order may object to such designation in writing within a reasonable time of receiving such material. The parties agree to make a good faith effort to resolve any disputes concerning the confidential designation and treatment of any Discovery Material before seeking relief from the Court. If the parties cannot, in good faith, resolve the dispute concerning the confidential designation, the designating party may, within

seven (7) business days of receipt of a written objection (or such additional time as agreed to by the parties), file a motion seeking to have the Court uphold the confidential designation. The burden of proving the confidentiality of the Discovery Material remains with the party asserting such confidentiality. During the pendency of such motion, all persons receiving the designated Discovery Material shall treat such material as confidential in accordance with this Order. If the designating party fails to file such a motion within the time period set out above, the Discovery Material at issue may be treated as if it had not been designated confidential under this Order.

5. <u>Inadvertent Non-Designation/Disclosure</u>: Inadvertent failure to designate Discovery Material as confidential shall not be deemed, by itself, a waiver of the right to do so and may be remedied by supplemental written notice. If written notice is received in a timely fashion, and prior to the public disclosure or use of such material in a manner inconsistent with the provisions of this Order, the Discovery Material shall be treated as if it had been initially designated as confidential. Thereafter, the producing party may move the Court for an order retroactively designating the documents as confidential, and said documents shall in all respects be treated as confidential under the terms of this Order upon a successful showing by the producing party that it would be reasonable to enter an order requiring that such documents be retroactively designated as confidential.

6. <u>Scope of Use of Confidential Discovery Material</u>: Confidential Discovery Materials under this Order shall not be used or disclosed by the parties, counsel for the parties, or any persons identified in paragraph seven (7) below for any purposes whatsoever other than preparing for and conducting this action. Any copies, excerpts, summaries, analyses, or other disclosures of the substance or content of such confidential Discovery Material shall be similarly protected.

7. <u>Permitted Disclosures</u>: The parties and counsel for the parties shall not disclose or permit the disclosure of any confidential Discovery Material under this Order to any other person or entity, except that the disclosures may be made in the following circumstances:

    (a)    *The Court*: Disclosure may be made to the Court or members of its staff.

    (b)    *Counsel and employees*: Disclosure may be made to counsel of record and employees and agents of counsel of record as reasonably necessary for the preparation and trial of this action, including any appeals therefrom.

    (c)    *Court Reporters and Litigation Support Services*: Disclosure may be made to court reporters rendering reporting services for depositions or the trial in this action, including the employees of such court reporters. Disclosure may also be made to those persons, if any, specifically engaged for the limited purpose of providing litigation support services, such as making photocopies of documents.

    (d)    *Deposition Witnesses*: disclosure may be made to any witness at any deposition in this action.

    (e)    *Non-parties*: Disclosure may be made to consultants, investigators, or experts employed by a party only as reasonably necessary for the preparation and trial of this action and only upon compliance with paragraph 7(f).

    (f)    *Signing Confidentiality Agreement*: If any disclosure of confidential Discovery Material is made to any person authorized to receive such disclosure under paragraphs 7(d) and/or 7(e) above, the counsel seeking to make such disclosure must have the person to whom disclosure is made sign a copy of the Confidentiality Agreement attached hereto as Exhibit A. The Confidentiality Agreement, among other things, obligates the person to comply with the terms of this Order and subjects that

person to the jurisdiction of this Court for purposes of securing compliance with the terms of this Order. The Agreement, once signed, must be maintained in the possession of counsel for the party securing the agreement until further order of the Court or until litigation of this matter has concluded, including any appeals.

8. <u>Security of Confidential Information</u>: All persons who receive any confidential Discovery Material under this Order shall keep all such material within their possession and shall take reasonable efforts to place such material in a secure area.

9. <u>Open Court</u>: Unless otherwise ordered by the Court, the procedures set forth herein shall have no application to proceedings in open court. Any attempt to limit the use of confidential Discovery Material in open court must be done by motion (including oral motion made in open court) on a showing of good cause.

10. <u>Greater Protection</u>: No information may be withheld from discovery after the date of entry of this Order on the ground that the information to be disclosed requires protection greater than that afforded by this Order, unless the party claiming a need for greater protection moves for a protective order pursuant to Fed. R. Civ. P. 26(c). Likewise, nothing in this Order shall be deemed to preclude the parties from seeking and obtaining, on appropriate showing, greater protection beyond that provided by this Order. Nothing contained in this Order is intended to interfere with assertions of attorney-client and other applicable privileges, nor will this Order affect the operation of those privileges in any way. By signing this agreement, no party waives its rights or obligations under any applicable statute.

11. <u>Modification of Order</u>: Nothing contained in this Order shall preclude the parties from stipulating in writing to waive, modify, or change the provisions of this Order, subject to Court approval.

686597.1

12.   <u>Return and Destruction of Confidential Information</u>:  Within one hundred twenty (120) days after the conclusion of all litigation subject to this Order, including any appeals, the parties shall undertake reasonable and prudent efforts to return all confidential Discovery Material to the producing party or to certify in writing to the producing party that all such materials have been destroyed.  Notwithstanding the foregoing, counsel of record for the parties shall be entitled to retain court papers, depositions and hearing transcripts, and attorney work product, provided that such counsel of record and employees of such counsel of record shall not disclose such court papers, transcripts, or attorney work product to any person or entity except pursuant to court order or written agreement with the designating party.

13.   <u>Without Prejudice Rule</u>:  Compliance with the terms of this Order shall not:

(a)   operate as an admission by any party that any particular Discovery Material contains trade secrets, proprietary, sensitive, or otherwise confidential information;

(b)   prejudice in any way the rights of any party to apply to the Court for an Order that Discovery Material designated confidential need not be treated as such;

(c)   prejudice in any way the rights of any producing party to object to the production on normal discovery grounds;

(d)   prejudice in any way the rights of any party to seek a determination of the Court that particular materials should be produced or not produced; or

(e)   prejudice in any way the rights of a party to seek modifications, amendments, or revisions to any provision of this Order.

14.   <u>Binding After Termination</u>:  After termination of this action, including any appeals, this Order shall continue to be binding upon the parties and all persons to whom

686597.1

confidential Discovery Material has been disclosed and communicated. Moreover, this Court shall retain jurisdiction over such parties and persons to enforce the provisions of this Order.

STIPULATED AND AGREED:

MILLER & CHEVALIER CHARTERED

_____   Dated: March 26 2007
Anthony J. Trenga (DC Bar #218255)
Brian A. Hill (DC Bar # 456086)
Victor Tabak (DC Bar # 480333)
Matthew T. Reinhard (DC Bar # 474941)
655 Fifteenth Street, N.W., Suite 900
Washington, DC  20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
atrenga@milchev.com
Attorneys for Plaintiff

HOGAN & HEALD

_____   Dated:  March __, 2007
Thomas M. Hogan (DC Bar # 104950)
11130 Main Street
Suite 310
Fairfax, VA 22030
Tel.  (703) 591-0003
Fax.  (703) 591-4114
Attorney for Defendant Billy Casstevens

686597.1

confidential Discovery Material has been disclosed and communicated. Moreover, this Court shall retain jurisdiction over such parties and persons to enforce the provisions of this Order.

STIPULATED AND AGREED:

MILLER & CHEVALIER CHARTERED

_____                     Dated: March __, 2007
Anthony J. Trenga (DC Bar #218255)
Brian A. Hill (DC Bar # 456086)
Victor Tabak (DC Bar # 480333)
Matthew T. Reinhard (DC Bar # 474941)
655 Fifteenth Street, N.W., Suite 900
Washington, DC 20005-5701
Tel. (202) 626-5800
Fax. (202) 628-0858
atrenga@milchev.com
Attorneys for Plaintiff

HOGAN & HEALD

/s/ Thomas M. Hogan                                 Dated: March 28, 2007
_____
Thomas M. Hogan (DC Bar # 104950)
11130 Main Street
Suite 310
Fairfax, VA 22030
Tel. (703) 591-0003
Fax. (703) 591-4114
Attorney for Defendant Billy Casstevens

SO ORDERED, this _____ day of _____, 2007

_____
JUDGE RICHARD J. LEON
United States District Court for the
District of Columbia

686597.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| ULLICO INC.,<br>      Plaintiff,<br>  v.<br><br>WILLIAM CASSTEVENS,<br>      Defendant. | CASE NUMBER: 1:06CV01388 (RJL)<br>DECK TYPE: General Civil |

## EXHIBIT A

## CONFIDENTIALITY AGREEMENT

I, _____, do hereby acknowledge and agree as follows:

     1.    I have read the Stipulated Protective Order Regarding Confidentiality of Discovery Material ("Stipulated Protective Order") to which this Confidentiality Agreement is an exhibit.

     2.    I understand the terms of the Stipulated Protective Order and agree to be bound by, and to strictly adhere to, all terms and provisions of the Stipulated Protective Order.

     3.    I hereby submit to the jurisdiction of the Superior Court of the District of Columbia for the purpose of enforcement of the Stipulated Protective Order and this Agreement.

Dated: _____, ____.

 

[Signature]

_____
_____
_____

[Name, Address, Telephone No.]

686597.1