Exhibit 30

TERENCE O'SULLIVAN DEPOSITION   May 22, 2006 In Re:   ULLICO, Inc. Litigation

Page 1

In the U.S. District Court

For the District of Columbia

----------------------------x

In Re: ULLICO, INC.         :
LITIGATION                  :
                            : NO. 1:03CV01556(RJL)

RELATED TO:  ALL CASES      :

----------------------------x

May 22, 2006

DEPOSITION OF:

    Terence M. O'Sullivan,

a witness, called by counsel pursuant to notice,

commencing at 9:15 a.m., which was taken at

O'Melveny and Myers, 1625 Eye St., NW, Washington,

DC

TERENCE O'SULLIVAN DEPOSITION   May 22, 2006 In Re:   ULLICO, Inc. Litigation

Page 174

1    A.   I believe Damon Silvers helped prepare it.
2 I don't know who else other than that.
3    Q.   How long did it take for Mr. Silvers and
4 you to prepare the statement?
5    A.   I don't recall.
6    Q.   Did anyone else see the statement before
7 you gave it?
8    A.   I don't recall.
9    Q.   Did you give it substantially as it was
10 prepared?
11    A.   I believe I did.
12    Q.   You read it virtually verbatim, didn't
13 you?
14    A.   I believe so.
15         (Whereupon the proffered item was
16    marked as exhibit number 249.)
17 BY MR. SCULLY:
18    Q.   Is this the statement that you gave under
19 oath before the Senate of the United States on
20 June 19, 2003?
21    A.   I believe it is.

TERENCE O'SULLIVAN DEPOSITION   May 22, 2006 In Re: ULLICO, Inc. Litigation

Page 175

1   Q.   Before you gave it you had the opportunity
2   to review it with Mr. Silvers, is that correct?
3   A.   I believe so.
4   Q.   If you turn to page eight of your
5   statement where it begins: "I feared for the
6   company's survival."
7   Do you see that?
8   A.   Yes.
9   Q.   It says: "The labor community had lost
10  confidence in management."
11  Who were you referring to as the labor
12  community and who were you referring to as
13  management?
14  A.   Labor community being AFL-CIO affiliated
15  unions that do business with ULLICO.  Management was
16  management in general of the company.
17  Q.   Does that include the officers and
18  directors, officers, directors, or everybody?
19  A.   Across the board people had lost
20  confidence in the management of the company.
21  Q.   On the bottom of that page what you

# Exhibit 31



**Robert A. Georgine**
Chairman, President and CEO

ULLICO Inc.
111 Massachusetts Ave., N.W.
Washington, DC 20001
202/682-0900

March 9, 2001

<u>**VIA OVERNIGHT MAIL**</u>

Billy J. Casstevens
11244 Greenbriar Chase
Oklahoma City, Oklahoma 73170

    RE:    ULLICO Inc. ("ULLICO")
             Capital Stock Repurchase

Dear Bill:

    Enclosed please find our check in the amount of $48,193.20. Pursuant to your request, your entire holdings of 330 shares of Capital Stock were repurchased at $146.04 per share for a total purchase price of $48,193.20.

    As a ULLICO stockholder, we truly have appreciated your support.

Sincerely and fraternally yours,

*Bob Georgine*

Enclosure

UL 6006

Exhibit 32

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| ULLICO INC., <br>     Plaintiff, <br> v. <br><br> WILLIAM CASSTEVENS, <br>     Defendant. | CASE NUMBER: 1:06CV01388 (RJL) <br> DECK TYPE: General Civil |

### AFFIDAVIT OF TERESA VALENTINE

Teresa Valentine hereby declares under the penalty of perjury as follows:

1.  My name is Teresa Valentine. I am providing this Affidavit in connection with ULLICO Inc.'s Motion for Partial Summary Judgment in the above-captioned action. The information set forth in this Affidavit is, unless otherwise indicated, based on my personal knowledge and the books and records of ULLICO Inc.

2.  I am over 18 years old, and I am competent to testify to the facts and information contained herein.

3.  I currently serve as Vice President, General Counsel, Chief Compliance Officer and Assistant Corporate Secretary at ULLICO Inc.

4.  Attached hereto as Exhibit 3 of the Statement of Material Facts as to which ULLICO Contends there is no Genuine Dispute in the above-captioned action is a true and correct copy of the Ledger of Stockholder Certificates (Capital stock) held by Billy J. Casstevens dated March 2, 2001.

5.  Attached hereto as Exhibit 4 of the Statement of Material Facts as to which ULLICO Contends there is no Genuine Dispute in the above-captioned action is a true and

764905 3

correct copy of the Ledger of Stockholder Certificates (Class A stock) held by Billy J. Casstevens dated February 6, 2001.

6. Attached hereto as Exhibit 9 of the Statement of Material Facts as to which ULLICO Contends there is no Genuine Dispute in the above-captioned action is a true and correct copy of the minutes of the February 11, 1998 Meeting of the Executive Committee of ULLICO Inc.

7. Attached hereto as Exhibit 10 of the Statement of Material Facts as to which ULLICO Contends there is no Genuine Dispute in the above-captioned action is a true and correct copy of the remarks of Robert A. Georgine at the July 27, 1998 ULLICO Inc. Compensation Committee Meeting.

8. Attached hereto as Exhibit 11 of the Statement of Material Facts as to which ULLICO Contends there is no Genuine Dispute in the above-captioned action is a true and correct copy of the minutes of the July 27, 1998 Meeting of the Compensation Committee of ULLICO Inc.

9. Attached hereto as Exhibit 15 of the Statement of Material Facts as to which ULLICO Contends there is no Genuine Dispute in the above-captioned action is a true and correct copy of the minutes of the May 13, 1999 Meeting of the Compensation Committee of ULLICO Inc.

10. Attached hereto as Exhibit 18 of the Statement of Material Facts as to which ULLICO Contends there is no Genuine Dispute in the above-captioned action is a true and correct copy of the ULLICO Inc. Offer to Purchase dated December 14, 2000.

764905.3

11. Attached hereto as Exhibit 23 of the Statement of Material Facts as to which ULLICO Contends there is no Genuine Dispute in the above-captioned action is a true and correct copy of a July 12, 2000 letter from Robert Georgine to ULLICO Inc. shareholders.

12. Attached hereto as Exhibit 26 of the Statement of Material Facts as to which ULLICO Contends there is no Genuine Dispute in the above-captioned action is a true and correct copy of the year 2000 Proxy Statement.

13. Attached hereto as Exhibit 31 of the Statement of Material Facts as to which ULLICO Contends there is no Genuine Dispute in the above-captioned action is a true and correct copy of the March 9, 2001 letter to Billy Casstevens from Robert Georgine.

I HEREBY DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA AND THE DISTRICT OF COLUMBIA THAT THE FOREGOING IS TRUE AND CORRECT.

Dated: May 25, 2007

_____
Teresa Valentine

State of Maryland )
County of Montgomery )

Subscribed and sworn to (or affirmed) before me on this ___ day of May, 2007 by Teresa Valentine, personally known to me to be the person who appeared before me.

_____

CATHERINE M. O'BRIEN
NOTARY PUBLIC STATE OF MARYLAND
My Commission Expires January 21, 2008

764905.3