IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| ULLICO INC., | ) | |
| Plaintiff, | ) | CASE NUMBER: 1:06CV01388 (RJL) |
| v. | ) | DECK TYPE: General Civil |
| | ) | |
| WILLIAM CASSTEVENS, | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFF ULLICO INC.'S REPLY TO DEFENDANT CASSTEVENS' STATEMENT OF GENUINE ISSUES IN DISPUTE AND NECESSARY TO BE LITIGATED

Defendant Billy Casstevens ("Casstevens") in his Statement of Genuine Issues in Dispute and Necessary to be Litigated (the "Casstevens SODF"), asserts that certain facts set forth in Plaintiff ULLICO Inc.'s Statement of Material Facts Which It Contends There is No Genuine Issue (the "ULLICO SOMF") are, in fact, in dispute. For all the paragraphs discussed in the Casstevens SODF, however, the disputed fact is either not material to the disposition of ULLICO's Motion for Partial Summary Judgment (the "ULLICO Motion"), or Casstevens fails to cite to any record evidence, affidavit, or other material to show a disputed material fact. Accordingly, ULLICO's Motion should be granted.

"On a motion for summary judgment, the non-moving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits, declarations, depositions, deposition excerpts, or other competent evidence setting forth specific facts showing that there is a genuine issue for trial." *Hancock v. Homeq Servicing Corp.*, Civ. Act. No. 05-0307, 2007 U.S. Dist. LEXIS 31051, at *12 (D.D.C. Apr. 27, 2007). "The non-moving party 'is required to provide evidence that would permit a reasonable jury to find' in its favor." *Id.* "If the non-movant's evidence is 'merely colorable' or 'not significantly probative,' summary judgment may be granted." *Id.* at *12-13. In the Casstevens SODF, there is a dearth of

citation to any evidence showing a genuine issue for trial.  Under the standard described in

*Hancock*, Casstevens has failed to show a genuine issue for trial and summary judgment in

ULLICO's favor is appropriate.

Casstevens asserts genuine issues of fact appropriate for trial as to the following

paragraphs of the ULLICO SOMF:

**ULLICO SOMF ¶ 5**

Casstevens states: "The shares referenced in this paragraph were purchased by Mr. and

Mrs. Casstevens. (See all the Exhibits attached to Plaintiff's Statement.)"

ULLICO agrees that the stock purchases described in ULLICO SOMF ¶ 5 were made by

Mr. and Mrs. Casstevens but states that this fact is not material to an evaluation of ULLICO's

Motion and forms no basis for a denial of summary judgment in ULLICO's favor.

**ULLICO SOMF ¶ 6**

Casstevens states: "All the shares referenced in this item were sold by Mr. and Mrs.

Casstevens. (See all the Exhibits referenced in Plaintiff's Item No. 6.)"

ULLICO agrees that the shares referenced in ULLICO SOMF ¶ 6 were sold by Mr. and

Mrs. Casstevens but states that this fact is not material to an evaluation of ULLICO's Motion and

forms no basis for a denial of summary judgment in ULLICO's favor.

**ULLICO SOMF ¶ 8**

Casstevens states: "The investment profits referenced in this item were those of Billy J.

Casstevens and Lou Ellen Casstevens. (See Plaintiff's Exhibit No. 8.)"

ULLICO agrees that based on the joint ownership of the stock the investment profits

referenced in ULLICO SOMF ¶ 8 were those of Billy J. Casstevens and Lou Ellen Casstevens

772412.4

but states that this fact is not material to an evaluation of ULLICO's Motion and forms no basis

for a denial of summary judgment in ULLICO's favor.

## ULLICO SOMF ¶ 9

Casstevens states: "All stock purchased by Casstevens was issued under the terms of the

ULLICO Bylaws which permitted ownership by members of the Board of Directors. (See

Plaintiff's Exhibit No. 2.) All the stock purchased in 1998 and 1999 was issued pursuant to valid

Resolutions of the Board of Directors. (See Defendant's Statement of Material Facts As To

Which Defendant Contends There Is No Genuine Issue.)"

Casstevens cites no admissible evidence or affidavits warranting finding a genuine issue

in dispute regarding ULLICO SOMF ¶ 9. Casstevens is required to cite to specific record

evidence or affidavits in opposing ULLICO's Motion. *See Hancock*, Civ. Act. No. 05-0307,

2007 U.S. Dist. LEXIS 31051, at *12. In this case, Casstevens cites to the entirety of a 26 page

Statement of Material Facts as to Which Defendant Contends There is No Genuine Dispute that

contains 127 numbered paragraphs, and invites ULLICO and this Court to figure out precisely

which paragraphs may apply. This is wholly inappropriate in opposing the ULLICO SOMF.

ULLICO, however, has prepared a response to this "Statement of Material Facts" from

Casstevens, and incorporates it herein by reference. *See* ULLICO's Response to Defendant's

Statement of Material Facts as to Which Defendant Contends There is No Genuine Dispute, filed

contemporaneously herewith. Moreover, ULLICO has not contested the ability of Casstevens, as

a director, to own ULLICO stock. Accordingly, there is no basis for finding a genuine issue of

disputed fact. Additionally, even if there is a genuine issue of disputed fact, ULLICO has not

moved for summary judgment based on the *ultra vires* nature of the stock sales to Casstevens,

772412.4

therefore, this fact is not material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary judgment in ULLICO's favor.

## ULLICO SOMF ¶ 13

Casstevens states: "Mr. Casstevens did <u>not</u> state in his deposition that he agreed that the Compensation Committee 'lacked the authority' to issue stock, and he never stated that he was aware of any issues as to that. (See Plaintiff's Exhibit No. 1 at 56:21 through 58:17.)"

Casstevens did, in fact, acknowledge that the Compensation Committee was not authorized to issue stock. When presented with documents at his deposition regarding the alleged issuance of stock by the Compensation Committee, he repeatedly insisted that Chairman Georgine was issuing stock and that any statement that the Compensation Committee was authorizing the stock issuance was in error. See Exhibit 1 to ULLICO SOMF, at 58:1-17 (stating that Casstevens was unaware of why the Compensation Committee was handling stock offers and stating that any language suggesting the Compensation Committee was issuing stock was an error). Casstevens' denial of ULLICO SOMF ¶ 13 is without any basis. Accordingly, there exists no genuine issue of material fact in dispute and this does not form a basis for denial of ULLICO's Motion. Additionally, even if there is a genuine issue of disputed fact, ULLICO has not moved for summary judgment based on the *ultra vires* nature of the stock sales to Casstevens, therefore, this fact is not material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary judgment in ULLICO's favor.

## ULLICO SOMF ¶ 14

Casstevens states: "The Compensation Committee was acting solely to determine the 'compensation' of officers; Defendant disputes that they were determining 'compensation' of Directors."

772412.4

Casstevens lacks any legitimate basis for arguing that ULLICO SOMF ¶ 14 represents a genuine issue. As an initial matter, Casstevens' statement concedes that the stock offered by the Compensation Committee was a form of "compensation." Additionally, ULLICO SOMF ¶ 14 states that Georgine recommended that the "Compensation Committee adopt a stock purchase program for officers and directors, under which 'each Director and Officer will have the opportunity to buy ULLICO stock, up to 2000 shares (can go up to 4000) at the current $28.70 book value.'" ULLICO SOMF ¶ 14. By the terms of the language quoted, Georgine recommended that the Compensation Committee adopt a policy applicable to both officers and directors. Accordingly, there is no genuine dispute of material fact here. Additionally, even if there is a genuine issue of disputed fact, ULLICO has not moved for summary judgment based on the *ultra vires* nature of the stock sales to Casstevens, therefore, this fact is not material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary judgment in ULLICO's favor.

## ULLICO SOMF ¶ 19

Casstevens states: "The purchase of 2,000 shares of Class A Stock at $28.70 referenced in this item was by Mr. and Mrs. Casstevens. (See the Exhibits referenced in Plaintiff's paragraph 19.)"

ULLICO agrees that the shares referenced in ULLICO SOMF ¶ 19 were purchased by Mr. and Mrs. Casstevens but states that this fact is not material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary judgment in ULLICO's favor.

7724124

**ULLICO SOMF ¶ 21**

Casstevens states: "The purchase of 2,000 shares of Class A Stock at $28.70 referenced in Plaintiff's No. 21 were purchased by Mr. <u>and Mrs.</u> Casstevens.  (See Exhibits referenced in plaintiff's paragraph 21.)"

ULLICO agrees that the shares referenced in ULLICO SOMF ¶ 21 were purchased by Mr. and Mrs. Casstevens but states that this fact is not material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary judgment in ULLICO's favor.

**ULLICO SOMF ¶ 25**

Casstevens states: "The purchase of 2,000 shares of Class A Stock at $53.94 referenced in Plaintiff's No. 25 were purchased by Mr. <u>and Mrs.</u> Casstevens.  (See Exhibits referenced in plaintiff's paragraph 21.)"

ULLICO agrees that the shares referenced in ULLICO SOMF ¶ 25 were purchased by Mr. and Mrs. Casstevens but states that this fact is not material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary judgment in ULLICO's favor.

**ULLICO SOMF ¶ 26**

Casstevens states: "Mr. Casstevens never knew that the Compensation Committee allegedly authorized the issue of stock, and disputes that any shares he and his wife purchased were pursuant to any *ultra vires* offer.  (See Defendant's Statement Of Material Facts As To Which Defendant Contends There Is No Genuine Issue.)"

Casstevens cites no admissible evidence or affidavits warranting finding a genuine issue in dispute regarding ULLICO SOMF ¶ 26.  Casstevens is required to cite to specific record evidence or affidavits in opposing ULLICO's Motion. *See Hancock,* Civ. Act. No. 05-0307, 2007 U.S. Dist. LEXIS 31051, at *12.  In this case, Casstevens cites to the entirety of a 26 page

772412.4

Statement of Material Facts as to Which Defendant Contends There is No Genuine Dispute that contains 127 numbered paragraphs, and invites ULLICO and this Court to figure out precisely which paragraphs may apply. This is wholly inappropriate in opposing the ULLICO SOMF. ULLICO, however, has prepared a response to this "Statement of Material Facts" from Casstevens, and incorporates it herein by reference. *See* ULLICO's Response to Defendant's Statement of Material Facts as to Which Defendant Contends There is No Genuine Dispute, filed contemporaneously herewith. Moreover, Casstevens stated at his deposition that he never raised issues with anyone at ULLICO regarding his opinion that statements indicating that the Compensation Committee was issuing stock were incorrect. *See* ULLICO SOMF ¶ 26, and exhibit cited therein. Accordingly, there is no basis for finding a genuine issue of disputed fact. Additionally, even if there is a genuine issue of disputed fact, ULLICO has not moved for summary judgment based on the *ultra vires* nature of the stock sales to Casstevens, therefore, this fact is not material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary judgment in ULLICO's favor.

**ULLICO SOMF ¶ 27**

Casstevens states: "The calculation referenced by Plaintiff was not made on December 31, 1999, as claimed by Plaintiff. That calculation was performed in subsequent months based on December 31, 1999 values of all the assets and liabilities of ULLICO, but not known until the Executive Committee meeting of May 10, 2000. (See Plaintiff's Exhibit 17 and Plaintiff's Complaint, ¶ 13.)"

Casstevens simply misreads ULLICO SOMF ¶ 27, and no genuine issue of disputed fact exists here. ULLICO takes no position in this paragraph as to when the $146.04 stock price was announced. This paragraph simply stated that the price of ULLICO stock *as of* (i.e., based on

772412.4

book value of ULLICO as of) December 31, 1999 was $146.04. ULLICO SOMF ¶ 27 nowhere

discusses when the calculation of the stock price was made. Additionally, this fact is not

material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary

judgment in ULLICO's favor.

**ULLICO SOMF ¶ 28**

Casstevens states: "Defendant disputes that his duties as a member of the Board of

Directors was a 'fiduciary' and disputes that the sale of his shares was in violation of any of his

duties as a Director. The sale of Mr. and Mrs. Casstevens' shares was not in contravention of the

'Program' since the Chairman had discretion to waive the proration provision. [footnote omitted]

(See the Waiver Provision in Plaintiff's Exhibit 18, at USDC 0026444-0026445.)"

Casstevens fails to cite record evidence or affidavits that generate a genuine issue of

disputed fact, accordingly, he has created no genuine issue appropriate for trial. *See Hancock,*

Civ. Act. No. 05-0307, 2007 U.S. Dist. LEXIS 31051, at *12. Additionally, he is simply

incorrect in his assertion that he bore no fiduciary duties as to ULLICO. *See* Plaintiff ULLICO

Inc.'s Reply to Defendant Casstevens' Opposition to Plaintiff's Motion for Partial Summary

Judgment (the "ULLICO Reply") at 8-10, filed contemporaneously herewith. Additionally,

while the Chairman may have had discretion to waive the proration provision under the

resolutions approved by the Board that created the Actual 2000 Repurchase Program,

Casstevens' attempt to manufacture a genuine issue of disputed fact is inapposite in this case;

ULLICO SOMF ¶ 28 discusses the terms contained in the 2000 Offer to Purchase. It is beyond

dispute that Casstevens signed the 2000 Offer to Purchase documents and represented that he

was tendering all of his shares and was, therefore, not subject to proration. *See* Exhibit 19 to

ULLICO SOMF. It is also beyond dispute that Casstevens did not, in fact, tender all of his Class

A shares, and that he was, therefore, subject to proration pursuant to the explicit terms of the 2000 Offer to Purchase. *See* ULLICO SOMF ¶ 28. It is also beyond dispute that he was not, in fact, prorated and that his stock was repurchased pursuant to the 2000 Offer to Purchase. *See* Exhibit 7 to ULLICO SOMF (Letter from R. Georgine to B. Casstevens & L. E. Casstevens transmitting funds to Casstevens for the repurchase of his ULLICO Class A shares and stating: "All shares were properly tendered *in accordance with the terms of the Offering Memorandum.* Therefore ULLICO Inc. is issuing [ ] payment...."). The only undisputed evidence indicates that Casstevens had his shares redeemed under the 2000 Offer to Purchase, and no evidence exists suggesting that the repurchase of his stock was discretionary. Accordingly, there exists no genuine issue of material fact in dispute and this does not form a basis for denial of ULLICO's Motion.

**ULLICO SOMF ¶ 39**

Casstevens states: "Mr. <u>and Mrs.</u> Casstevens sold all but 2000 of their shares of ULLICO Class A Stock, but it is unknown whether those shares were purchased by ULLICO as part of the 'Actual 2000 Repurchase Program' or pursuant to the chairman's discretionary authority, which itself was literally part of the 'Actual 2000 Repurchase Program.' (See Plaintiff's Exhibits 18 and 21 and Mr. Casstevens' testimony at his deposition (Exhibit 1, 131:8-10; 131:20-132:1; 132:7-9 and 133:2-11.)"

ULLICO agrees that the shares referenced in ULLICO SOMF ¶ 39 were sold by Mr. and Mrs. Casstevens but states that this fact is not material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary judgment in ULLICO's favor.

Additionally, while the Chairman may have had the discretion to waive the proration provision and exercise his discretion to repurchase Casstevens' stock outside the Actual 2000

772412.4

Repurchase Program, Casstevens cites no admissible evidence suggesting that this discretion was exercised. Indeed, the only undisputed evidence states that the repurchases of Casstevens' stock was done through the 2000 Offer to Purchase. *See* Exhibit 7 to ULLICO SOMF (Letter from R. Georgine to B. Casstevens & L. E. Casstevens transmitting funds to Casstevens for the repurchase of his ULLICO Class A shares and stating: "All shares were properly tendered *in accordance with the terms of the Offering Memorandum.* Therefore ULLICO Inc. is issuing [ ] payment...."). The only undisputed evidence indicates that Casstevens had his shares redeemed under the 2000 Offer to Purchase, and no evidence exists suggesting that the repurchase of his stock was discretionary. Accordingly, there exists no genuine issue of material fact in dispute and this does not form a basis for denial of ULLICO's Motion.

**ULLICO SOMF ¶ 40**

Casstevens states: "The Actual Repurchase Program <u>also allowed</u> the Chairman to repurchase shares at $146.04 without prorations [sic] even if shareholders tendered less than 100% of their shares. (See Casstevens' deposition pages 199, line 21 through page 201, line 16, attached, and Plaintiff's Exhibit 21, at USDC 0003172 and 0003173.) Additionally, Mr. Casstevens did <u>not</u> testify that he had 'improperly' avoided proration. (See Plaintiff's Exhibit 1, page 131, line 20 through 133, line 19.)"

Casstevens fails to cite any credible or admissible evidence demonstrating that Chairman Georgine did, in fact, exercise his discretion to repurchase Casstevens' shares without proration. He merely asserts that the Georgine had the power to do so under the terms of the Actual 2000 Repurchase Program.

Additionally, while the Chairman may have had discretion to waive the proration provision under the resolutions approved by the Board that created the Actual 2000 Repurchase

772412.4

Program, Casstevens' attempt to manufacture a genuine issue of disputed fact is inapposite in this case; ULLICO SOMF ¶ 40 discusses the terms contained in the 2000 Offer to Purchase. It is beyond dispute that Casstevens signed the 2000 Offer to Purchase documents and represented that he was tendering all of his shares and was, therefore, not subject to proration. *See* Exhibit 19 to ULLICO SOMF. It is also beyond dispute that Casstevens did not, in fact, tender all of his Class A shares, and that he was, therefore, subject to proration pursuant to the explicit terms of the 2000 Offer to Purchase. *See* ULLICO SOMF ¶ 28, 41-42. It is also beyond dispute that he was not, in fact, prorated and that his stock was repurchased pursuant to the 2000 Offer to Purchase. *See* Exhibit 7 to ULLICO SOMF (Letter from R. Georgine to B. Casstevens & L. E. Casstevens transmitting funds to Casstevens for the repurchase of his ULLICO Class A shares and stating: "All shares were properly tendered *in accordance with the terms of the Offering Memorandum.* Therefore ULLICO Inc. is issuing [ ] payment….").

The only undisputed evidence indicates that Casstevens had his shares redeemed under the 2000 Offer to Purchase, and no evidence exists suggesting that the repurchase of his stock was discretionary. Accordingly, there exists no genuine issue of material fact in dispute and this does not form a basis for denial of ULLICO's Motion.

**ULLICO SOMF ¶ 41**

Casstevens states: "This Statement is disputed because, as set forth in Plaintiff's Exhibit 18 and Exhibit 21, the provision requiring that all shares owned be tendered could be <u>waived</u>. (See Plaintiff's Exhibit 21 at USDC 0003173 and Plaintiff's Exhibit 18 at USDC 00026444-0002645.)"

Casstevens fails to cite any credible or admissible evidence demonstrating that Chairman Georgine did, in fact, exercise his discretion to "waive" the terms of the 2000 Offer to Purchase

772412 4

that required a holder of fewer than 10,000 shares of ULLICO Stock to tender all of those shares in order to avoid proration. He merely asserts that the Georgine had the power to do so.

Additionally, while the Chairman may have had discretion to waive the requirement that Casstevens tender all of his shares of Class A stock to avoid proration, Casstevens' attempt to manufacture a genuine issue of disputed fact is inapposite in this case. It is beyond dispute that Casstevens signed the 2000 Offer to Purchase documents and represented that he was tendering all of his shares and was, therefore, not subject to proration. *See* Exhibit 19 to ULLICO SOMF. It is also beyond dispute that Casstevens did not, in fact, tender all of his Class A shares, and that he was, therefore, subject to proration pursuant to the explicit terms of the 2000 Offer to Purchase. *See* ULLICO SOMF ¶ 28, 41-42. It is also beyond dispute that he was not, in fact, prorated and that his stock was repurchased pursuant to the 2000 Offer to Purchase based on the representations by Casstevens that he complied with the terms of the Tender Offer. *See* Exhibit 7 to ULLICO SOMF (Letter from R. Georgine to B. Casstevens & L. E. Casstevens transmitting funds to Casstevens for the repurchase of his ULLICO Class A shares and stating: "All shares were properly tendered *in accordance with the terms of the Offering Memorandum.* Therefore ULLICO Inc. is issuing [ ] payment….").

The only undisputed evidence indicates that Casstevens had his shares redeemed under the 2000 Offer to Purchase, and no evidence exists suggesting that Georgine exercised his discretion to "waive" the requirement that Casstevens tender all of his Class A shares to avoid proration. Accordingly, there exists no genuine issue of material fact in dispute and this does not form a basis for denial of ULLICO's Motion.

772412.4

**ULLICO SOMF ¶ 42**

Casstevens states: "Mr. <u>and Mrs.</u> Casstevens owned less than 10,000 shares of Class A, and <u>they</u> tended [sic] 7,312 of their 9,312 of [sic] Class A Stock; and Defendant denies the allegation that they tendered those shares 'without proration' since it was up to the Company to apply or not to apply prorations, and not up to Mr. and Mrs. Casstevens. (See Plaintiff's Exhibit 1, at page 131, lines 8-10 and page 131, line 20 through page 13, line 9.)"

ULLICO agrees that the shares referenced in ULLICO SOMF ¶ 42 were owned by Mr. and Mrs. Casstevens but states that this fact is not material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary judgment in ULLICO's favor. Additionally, Casstevens cites no admissible evidence suggesting a genuine dispute of fact appropriate for trial on the issue of proration. *See Hancock*, Civ. Act. No. 05-0307, 2007 U.S. Dist. LEXIS 31051, at *12 (requiring more than mere allegations in opposing a motion for summary judgment). The evidence cited by ULLICO in the ULLICO SOMF clearly shows that Casstevens tendered less than all of the Class A shares he and his wife held, yet avoided proration despite tendering under the Offer to Purchase. *See* ULLICO SOMF ¶¶ 28, 41-42. *See also* Exhibit 7 to ULLICO SOMF (Letter from R. Georgine to B. & L.E. Casstevens, Mar. 1, 2001) (stating that Casstevens Class A shares were repurchased under the 2000 Offer to Purchase). Casstevens' denial that he tendered his shares and was not prorated is without any evidentiary basis and in direct contravention to the facts conclusively established in the ULLICO SOMF. Accordingly, there exists no genuine issue of material fact in dispute and this does not form a basis for denial of ULLICO's Motion.

772412.4

## ULLICO SOMF ¶ 45

Casstevens states: "As of November 3, 2000, Mr. <u>and Mrs</u>. Casstevens held 9,312 shares of ULLICO Class A Stock. (See Plaintiff's Exhibit 4.)"

ULLICO agrees that the shares referenced in ULLICO SOMF ¶ 45 were held by Mr. and Mrs. Casstevens but states that this fact is not material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary judgment in ULLICO's favor.

## ULLICO SOMF ¶ 48

Casstevens states: "This statement is inaccurate because Mr. Georgine, the Chairman of ULLICO, was not 'interested' in the Resolution that approved the Actual 2000 Repurchase Program since all the stock he owned was not effected [sic] by that resolution one way of [sic] the other. ULLICO was obligated to repurchase his shares pursuant to Mr. Georgine's contract with ULLICO. (See the 'Thompson Report' and the Affidavit of James J. Hanks, Jr., Esquire, attached.)"

ULLICO addresses the arguments regarding this issue in its accompanying ULLICO Reply at 8-10, and incorporates them herein by reference. Additionally, Casstevens fails to identify where in the "Thompson Report" there is any discussion of whether Georgine had a financial interest in the resolutions passed at the November 2000 meeting. He also relies on the Hanks Affidavit, which is not admissible as evidence in this case. *See* ULLICO Reply at 3-5 (discussing Casstevens' failure to proffer an expert witness report and the requirement that Hanks' affidavit, therefore, be disregarded). Accordingly, there exists no genuine issue of material fact in dispute and this does not form a basis for denial of ULLICO's Motion.

772412.4

**ULLICO SOMF ¶ 49**

Casstevens states: "Defendant disputes and denies the assertion that the Class A stock purchased by Mr. and Mrs. Casstevens was acquired via an *ultra vires* offer (see above). The Casstevens' ownership of Class A Stock was known by every Director, or should have been known by every Director, by virtue of the 2000 Proxy Statement, (Plaintiff's Exhibit 26). See also Plaintiff's Exhibit 18 at USDC 0026441 which shows that the average number of shares owned by all Officers and Directors was obviously less than 10,000 shares each, which put any shareholder on notice that 33 of the Company's Executive Officers and Directors owned shares which would avoid proration."

ULLICO agrees that the shares referenced in ULLICO SOMF ¶ 49 were acquired by Mr. and Mrs. Casstevens but states that this fact is not material to an evaluation of ULLICO's Motion and forms no basis for a denial of summary judgment in ULLICO's favor.

Regarding Casstevens' disclosure arguments, as described in ULLICO's Motion at 7, 9-11, 13, 15-16, and incorporated herein by reference, Casstevens' disclosure is insufficient and provides no basis for finding that Terence O'Sullivan knew of Casstevens' stock holdings or interest in the resolutions passed at the November 2000 meeting of ULLICO's Board. Additionally, Casstevens concedes that he personally made no disclosure to the Board of Directors. *See* ULLICO SOMF at ¶¶ 40, 46, and 49. Additionally, as ULLICO's Motion makes clear, the nature of the information included in the 2000 Proxy Statement is insufficient to provide all the information required for a valid disclosure under Maryland law. *See* ULLICO Motion at 9-11. Accordingly, there exists no genuine issue of material fact in dispute and this does not form a basis for denial of ULLICO's Motion.

772412.4

**ULLICO SOMF ¶ 50**

Casstevens states: "Defendant disputes that the letter referenced in Plaintiff's statement No. 51 is factually correct because it is incomplete. The Exhibit in question, at USDC 0048087, also notified every shareholder: 'other terms and conditions of the repurchase will be described in the Offering Memorandum.' Immediately thereafter it also stated: 'This letter is not intended as an Offer To Purchase Stock -- that can only be done through a Special Offering Memorandum, which you will receive at the appropriate time (etc.).' Thereafter, each Shareholder received the actual Offer (Plaintiff's Exhibit 18) which stated that those shares would or would not be subject to proration, and also that the proration provision could be waived at the election of the Company (Plaintiff's Exhibit 18, USDC 0026444-0026445.)"

As an initial matter, although it is captioned ULLICO SOMF ¶ 50 in the Casstevens SODF, ULLICO assumes based on the text that this is a typographical error and that this section of the Casstevens SODF intends to refer to ULLICO SOMF ¶ 51. Casstevens' argument here makes no sense, given that ULLICO included the entirety of the letter referenced in ULLICO SOMF ¶ 50 as Exhibit 28 to the ULLICO SOMF. Indeed, Casstevens quotes from the portion of the letter ULLICO allegedly omitted and cites only to ULLICO's submission.

Casstevens' arguments regarding the nature of the actual program and the ability of the company to waive the proration provision is addressed *supra* in the discussion regarding ULLICO SOMF ¶¶ 40-42, which discussion is incorporated herein by reference. Moreover, while the provisions of the Offer to Purchase cited by Casstevens do reserve to ULLICO the power to waive certain conditions of the Offer, there is absolutely no evidence that ULLICO exercised that power. Indeed, the Offering Memorandum states "No tender of Shares will be deemed properly made until all defects or irregularities have been cured or waived." Exhibit 18

772412.4

to ULLICO SOMF, at USDC 0026445. In this case, Casstevens proffers no admissible evidence that the defects in his tender of Class A shares were cured or waived. Accordingly, there exists no genuine issue of material fact in dispute and this does not form a basis for denial of ULLICO's Motion.

## ULLICO SOMF ¶ 54

Casstevens states: "Defendant disputes the validity of the self-serving, speculative, post hoc statement set forth in Plaintiff's item No. 54, which statement is inadmissible and without probative value."

Casstevens fails to cite any authority, evidentiary or legal basis for the exclusion of this evidence. The Federal Rules of Civil Procedure require Casstevens to offer more than "disputes" in opposing ULLICO's Motion. *See Hancock*, Civ. Act. No. 05-0307, 2007 U.S. Dist. LEXIS 31051, at *12 (requiring more than mere allegations in opposing a motion for summary judgment). Indeed, Casstevens fails to even explain on what basis he disputes the validity of the evidence cited in ULLICO SOMF ¶ 54. Accordingly, there exists no genuine issue of material fact in dispute and this does not form a basis for denial of ULLICO's Motion.

772412.4

Dated: July 11, 2007

MILLER & CHEVALIER CHARTERED


By          /s/ Victor Tabak
                    Anthony J. Trenga (DC Bar #218255)
                    Brian A. Hill (DC Bar #456086)
                    Victor Tabak (DC Bar # 480333)
                    Matthew T. Reinhard (DC Bar # 474941)
                    655 Fifteenth Street, N.W., Suite 900
                    Washington, DC  20005-5701
                    Tel. (202) 626-5800
                    Fax. (202) 628-0858
                    atrenga@milchev.com
                    Attorneys for Plaintiff

772412.4